UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

<u>ELECTRONICALLY FILED</u>

CIVIL ACTION NO.

CAROL GRIFFITH
SSN: XXX-XX-6586                                                                                          PLAINTIFF

VS.                                          <u>COMPLAINT</u>

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY                                              DEFENDANT

*************************************************

The Plaintiff, complaining of the Defendant, would respectfully show the Court:

I

that the Plaintiff is a citizen and resident of the United States of America and of the County of Pike, Commonwealth of Kentucky, that jurisdiction of this Court is founded as provided by Section 205(g) of the Social Security Act, as amended, Section 405(g), Title 42, United States Code. That the Defendant is the Acting Commissioner of Social Security of the united States of America, and at all times herein mentioned were in the exercise of duties as such

II

That an application was filed by the Plaintiff with the Social Security Administration on February 13, 2008 to establish for herself a period of disability under the Social Security Act in accord with the laws of the United States of America. That in a decision dated July 31, 2008, an Administrative Law Judge found the Plaintiff to be disabled beginning February 13, 2008. Specifically, the Plaintiff was found to be suffering from the following severe impairments: major

depression, pain disorder, and low IQ. Plaintiff received benefits in accordance with that decision, and has continued to receive them through the dates of that last acts complained of herein. That this decision became final and may not be reopened pursuant to 20 C.F. R. § 404.987 and 20 C.F. R. § 404.988 after four (4) years from the date of the decision but can be revisited anytime only if it were obtained by fraud or similar fault but that the redetermination must occur immediately.

III

That in a letter dated May 18, 2015, the Appeals Council of the Social Security Administration notified Plaintiff that the Defendant was going to redetermine Plaintiff's entitlement to benefits awarded by the previous 2008 decision of the administrative law judge, and that a new administrative law judge would be made disregarding certain alleged fraudulent evidence presented and received into the record without objection in the prior decision.

That, after a preliminary review was completed at the Appeals Council level, Plaintiff's case was remanded to a new administrative law judge with instructions included in a remand order to not consider certain evidence previously received without objection.

That at no time was Plaintiff given an opportunity to be heard or challenge the allegation of fraud. Nor was Plaintiff ever confronted with the alleged evidence, if any, of the alleged fraud. Further, there is no evidence in the administrative record of the alleged fraud as it relates to Plaintiff's claim much less substantial evidence to support such a finding.

Further, it appears that the Commissioner had knowledge of these suspected fraud or similar fault for several years earlier and had not acted in a timely fashion in addressing on the matter.

The Plaintiff appeared at a hearing before an administrative law judge on February 1, 2016 . Following that hearing , the administrative law judge issued a denial decision dated

February 22, 2016 that found that the Plaintiff was not entitled to a period of disability or disability insurance benefits under the Act from the alleged onset date through the date of the original favorable decision.

The Appeals Council denied Plaintiff's request on March 21, 2016 . The administrative law judge's decision of February 22, 2016 now stands as the final decision of the Defendant.

IV

The Plaintiff incorporates the preceding paragraphs I-IV by reference.

The actions of the Defendant in seeking to redetermine Plaintiff's entitlement of benefits, previously determined to be payable by the final decision of the prior administrative law judge, violates the provisions of the Social Security Act and regulations promulgated pursuant thereto that provide for reopening decisions after they have become final.

V

The Plaintiff incorporates the preceding paragraph I-IV by reference.

That the procedures utilized by the Defendant in redetermining Plaintiff's entitlement to benefits previously determined to be payable by the final decision of the prior administrative law judge violate Plaintiff's right to due process that are guaranteed by the Social Security Act and the Fifth Amendment to the United States Constitution.

VI

The Plaintiff incorporates the preceding paragraphs I-IV by reference.

The actions of the Defendant taken in redetermining Plaintiff's entitlement to benefits, previously determined to be payable by the final decision of an administrative law judge, violate Plaintiff's rights accorded by the Administrative Procedure Act.

VII

The Plaintiff incorporates the preceding paragraphs I-IV by reference.

That the decision of the new administrative law judge issued on February 22, 2016 , being the final decision of the Defendant , is not supported by substantial evidence..

VIII

That the Plaintiff has exhausted all of his administrative remedies, a final decision having been rendered by the Commissioner.

WHEREFORE, the Plaintiff prays that the Court review the Defendant's practice and procedures  used in redetermination Plaintiff's previous  final favorable decision, find that Plaintiff's rights were violated, that the Defendant's decision be reversed, that the previous favorable decision of July 31, 2008  be reinstated, and that Plaintiff's benefits be reinstated, and for such other and proper relief as the Court deems just and proper.

S/WOLODYMYR CYBRIWSKY

HON. WOLODYMYR CYBRIWSKY
214 SOUTH CENTRAL AVENUE
PRESTONSBURG, KENTUCKY 41653
(606) 886-8389
cybriwskywolodym@bellsouth.net

This the 21th  day of May 2106.